# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIRST MERIT BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 1573 |
| THE TEETS FAMILY PARTNERSHIP, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

When counsel for the parties were in court for the previously scheduled July 22 status hearing date in this action, this Court's oral statement as to the submissions that it had been provided to that point regrettably included its determination that one of the arguments advanced there -- the contention that the bankruptcy filing by Earl Teets, Jr. ("Teets") individually also compelled a stay of proceedings by this Court as against the Teets Family Partnership ("Partnership") and Teets LLC -- was itself bankrupt (if anything, even more bankrupt than Teets himself). After this Court had concluded its statement, it developed that the same counsel who had advanced that unthinking contention without paying heed to the universal caselaw rejecting any such position had also violated this District Court's LR 5.2(f) by having filed two motions on June 29 -- a motion to dismiss five counts of the Amended Complaint brought by First Merit Bank, N.A. ("First Merit") and a motion to stay any answers to the Amended Complaint's other counts until the motion to dismiss had been disposed of -- without having delivered copies of those motions to this Court's chambers.

Because this Court was thus obviously disabled from expressing its views on the newly-delivered 16-page motion to dismiss (which was coupled with a copy of the purported

Teets Family Partnership Agreement), as would have been possible had LR 5.2(f) been complied with, the then-tendered documents were simply received without comment. But this Court's subsequent examination and analysis of the motion has revealed that filing to be just as bankrupt as the arguments dealt with during the July 2 status hearing. No extensive discussion is needed here, for this Court's oral expression at that status hearing applies with equal force to the groundless motion to dismiss.

Briefly put, the movants' counsel has acknowledged in response to this Court's questions during the status hearing that the Illinois Department of Lottery ("Department") had never conducted a hearing -- or even an informal investigation -- into the validity of Teets' May 26 designation of the Partnership as the purchaser of the multimillion-dollar-bonanza-generating lottery ticket that Teets himself represented three weeks earlier as having been purchased by him individually. Now counsel's motion at 2 urges that "this Court should abstain from ruling on such issues entangled with established Illinois review procedures." Notably it has not identified such claimed procedures, simply stating in conclusory fashion (id.):

> In either case, Plaintiff's premature Complaint must be dismissed and the case be allowed to proceed through necessary administrative remedies and/or be left to the more appropriate Illinois Department of Lottery ("DOL") review board and/or Illinois State Circuit Court.

Defense counsel seem to have forgotten (or more likely have preferred to ignore) their earlier contention that First Merit has no standing to contest the purported validity of the Partnership or of its Claim Form, which was tendered to and accepted by the Department without any examination at all, relying instead simply on Teets' ipse dixit. But even leaving that aside, this Court surely has standing to consider that subject in its evidentiary hearing later this month in the forthcoming preliminary injunction proceeding. If that hearing appears to bear out the

offense to the olfactory nerves suggested by the surrounding circumstances already presented to this Court, it will certainly be within this Court's rights and powers to find that the likelihood-of-success component of a preliminary injunction has been met.

In sum, as indicated at the outset, the motion by counsel for the Partnership and Teets LLC (joined in by other defense counsel) to dismiss five counts of the Amended Complaint [Dkt. No. 74] is denied as wholly lacking in merit. All defendants other than Teets individually (against whom current proceedings are barred by the automatic bankruptcy stay) are ordered to file their answers to the Amended Complaint on or before July 21, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 7, 2015