# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FIRST MERIT BANK, N.A.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1573 |
| | ) |
| **THE TEETS FAMILY PARTNERSHIP**, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants have just filed their bulky collective Answers (94 pages!) to the First Amended Complaint ("FAC") initially brought against them by First Merit Bank, N.A. ("First Merit") and now taken over in part by the trustee for the bankruptcy estate of defendant Earl Teets Jr. This Court has waded through that responsive pleading (which also includes affirmative defenses ("ADs")), and this memorandum opinion and order is issued sua sponte because of some pervasive problematic aspects of that filing.

Before those aspects of the pleading are dealt with, however, a few words should be said about the commendable manner in which the pleading is presented. Unlike all too many lawyers who are heedless of the inconvenience (or worse) suffered by any required reader (opposing counsel or the judge to whom a case is assigned) who must perforce go through multiple separate answers in multidefendant cases to learn the respects in which the defendants share common cause and the respects in which they may part company, defense counsel here have put together a single document that facilitates the notice-pleading function that should underpin federal

pleading. In that respect defense counsel's delivery to this Court's chambers of what is termed a "courtesy copy" is literally as well as figuratively accurate.

To shift to less pleasant topics, however, three aspects of defense counsel's crafting call for negative comment. They tend to prove again that all defense counsel engaged in the federal practice might generally do well to familiarize themselves with the principles exemplified by the Appendix to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001), which was originally published to spare this Court's then secretary the chore of having to repeat the same points in multiple opinions.

First, defense counsel here have inexplicably failed to follow the roadmap clearly marked out in Fed. R. Civ. P. ("Rule") 8(b)(5) for use in situations in which defense counsel cannot comply literally with the mandate of Rule 8(b)(1)(B) as to some allegations in a complaint. Most particularly, the locution that defense counsel have adopted here omits the critical component of "belief," which by definition makes it more difficult for a party to disclaim a plaintiff's allegation in the objective and subjective good faith demanded by Rule 11.

Even more troublesome, in the multitude of responses that contain such disclaimers (Answer ¶ 6, 7, 15-20, 27, 33-37, 83, 87, 93, 94, 96, 97, 99-102, 104-11, 114-22, 124-26, 132, 146 and 147)[1] defense counsel impermissibly follow each disclaimer with "and therefore deny same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation (as Rule 8(b)(5) requires), then proceed to deny it. Because such a denial is at odds with the pleader's obligations

---

[1] If this laundry list or either of the other two laundry lists later set out in this opinion has or have missed or misnumbered any of the Answer's paragraphs, this Court apologizes for any such unintended errors.

under Rule 11(b), the quoted language must be stricken from each of those paragraphs of the Answer the next time around.[2]

Next, still another laundry list of responses (Answer ¶¶ 70, 169, 176, 187, 196, 207, 216, 217, 224, 253, 254, 260 and 261) share the repeated assertion that a statute or document "speaks for itself." On that score, see App'x ¶ 3 to State Farm. When defense counsel return to the drawing board, as they must, that language must be omitted and the FAC's allegations in those areas must be responded to as Rule 8(b)(1)(B) requires.

Lastly as to the Answers themselves, there are a whole flock of responses (Answer ¶¶ 135, 145, 152, 153, 156, 157, 167, 168, 173, 174, 184, 185, 193, 194, 204, 213, 214, 222, 223, 229, 230, 236, 237, 243, 244, 251, 252, 258 and 259) in which defense counsel take it on themselves to decline to answer the corresponding allegations of the FAC on an asserted predicate that is simply not authorized by the selfsame Rule 8(b)(1)(B). Even worse, defense counsel then thoughtlessly proceed to deny all of those allegations to which they say no answer is required, while anyone reading the FAC's allegations in those paragraphs would find it obvious that a great many of them should be admitted rather than denied.

All of what has been said here requires defense counsel to return to court on or before August 7, 2015 with the filing of a self-contained replacement pleading that cures the flaws identified in this opinion. No charge may be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise

---

[2] It should be emphasized that defense counsel's do-over called for by this opinion must not just automatically convert each current flawed disclaimer to one that is faithful to Rule 8(b)(5)'s language. Instead each proposed disclaimer must be re-evaluated with the concept of "belief" added to determine whether a good faith disclaimer is permitted.

their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).[3]

                                                                              _____
                                                                              Milton I. Shadur
                                                                              Senior United States District Judge

Date: July 24, 2015

---

[3] This opinion has deliberately avoided expressing any substantive views as to the propriety of the outright denials that are contained in defendants' pleading, nor is any view articulated here as to the ADs that follow the Answers, even though a number of them are plainly problematic in nature. Instead all such matters will be left to plaintiffs' counsel for possible motion practice.