IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FIRST MERIT BANK, N.A.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1573 |
| | ) |
| **THE TEETS FAMILY PARTNERSHIP**, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Early on the morning of the previously scheduled August 10 status hearing in this action, defense counsel left for this Court's review a copy of their lengthy responsive pleading captioned "Amended Answers to First Amended Complaint and Affirmative Defenses." That filing was intended to be responsive to this Court's July 24 memorandum opinion and order ("Opinion") directed to defense counsel's earlier effort, an opinion that had brought defense counsel's attention to what it termed "some pervasive problematic aspects of that filing."

This Court has now had the opportunity to skim through that amended responsive pleading to review its compliance with the directives in the Opinion. Unfortunately that review has disclosed counsel's continued failure to read and comply with Fed. R. Civ. P. ("Rule") 8(b)(5), as to which the Opinion had stated:

> First, defense counsel here have inexplicably failed to follow the roadmap clearly marked out in Fed. R. Civ. P. ("Rule") 8(b)(5) for use in situations in which defense counsel cannot comply literally with the mandate of Rule 8(b)(1)(B) as to some allegations in a complaint. Most particularly, the locution that defense counsel have adopted here omits the critical component of "belief," which by definition makes it more difficult for a party to disclaim a plaintiff's allegation in the objective and subjective good faith demanded by Rule 11.

Despite that pointed criticism, the Amended Answers have continued to employ the same erroneous locution that defendants "had insufficient knowledge or information to either or deny the allegations," again without including any reference to the more demanding -- and expressly required -- disclaimer of "belief."  Indeed, and even worse, that same flawed usage has now found its way into a large number of the Amended Answers' paragraphs for the first time (Answer ¶¶ 129, 134, 168, 184, 193, 204, 213, 222, 229, 236, 243, 251 and 258).  Instead, if the concept of "belief" were to be added to the mix, as is required, it would seem most likely that a sensible pleader would feel free to admit all (save perhaps Answer ¶ 129) of the corresponding allegations of the First Amended Complaint without in any way damaging their clients' position.

In summary, defense counsel are sent back to the drawing board once again to deal with the defect identified here.  If counsel will commit to a careful review of each of the disclaimed allegations to make certain that their clients can invoke Rule 8(b)(5) in both subjective and objective good faith when "belief" is factored into the equation (as it should have been from the outset), this Court will find no need to call for still another self-contained amended response rather than an amendment to the present submission.  And lastly, once again no charge is to be made to the clients for counsel's repeated mistakes.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 18, 2015